# CASES

## ARGUED AND DETERMINED
### IN THE
## COURTS of APPEALS of OHIO

---

### MELCHERS *v.* PETERS.

*Statute of limitations—Action to set aside deed—Four-year and not twenty-one-year limitation applies.*

1. A person of full age who seeks to set aside a deed conveying real estate upon the ground that the execution of such deed was secured through fraud and deceit must bring such action within four years after the discovery of such fraud and deceit.
2. The twenty-one-year statute of limitations does not apply in such cases.

(Decided December 2, 1920.)

APPEAL: Court of Appeals for Franklin county.

*Mr. T. E. Powell* and *Mr. Timothy S. Hogan* for plaintiff.

*Messrs. Vorys, Sater, Seymour & Pease,* for defendant.

KUNKLE, J. This is an action to set aside a deed and recover title to certain real estate upon the ground of fraud and unconscionable circumstances amounting to fraud in securing such deed.

The deed was executed and delivered March 31, 1900, and the present suit was brought September 12, 1918.

In the third amended petition it is averred that the plaintiff did not ascertain the exact truth as to the facts upon which she relies to set aside the deed until the first of July, 1918. There is also an averment in the petition from which it may be inferred that the plaintiff at the time the deed was executed did not have sufficient mental capacity to understand the nature of the transaction or to execute the deed. The case has been submitted upon the pleadings and so much of the evidence as is necessary to determine the defense of the statute of limitations.

Upon the question of mental capacity we find from the pleadings and evidence that the plaintiff at the date of the execution of the deed was mentally competent, and that the deed was, therefore, not absolutely void. We further find that the plaintiff was fully advised and knew the facts constituting her cause of action more than four years prior to the bringing of the present action.

It is claimed by counsel for plaintiff that this case falls within the provisions of Section 11219, General Code, and may, therefore, be brought within twenty-one years after the cause of action accrued. This contention was ably supported in the course of the argument of this case and is fully presented in the very exhaustive briefs filed by counsel for plaintiff. In such briefs authorities sustaining this contention are cited from other jurisdictions. Without attempting to discuss or review the authorities in detail we will merely announce the conclusion at which we have arrived,

after an examination and consideration of the briefs and the authorities therein cited.

We cannot escape the conclusion that the present action is one to set aside a deed for fraud, and controlled by Section 11224, General Code, and is therefore barred in four years after the fraud was discovered. *Combs* v. *Watson,* 32 Ohio St., 228, and *Brockschmidt* v. *Archer,* 64 Ohio St., 502.

Counsel for plaintiff cite the case of *Lanning* v. *Brown,* 84 Ohio St., 385, in which it was held that the twenty-one-year statute of limitations applied to a minor seeking to disaffirm a deed made during minority and to recover the real estate involved therein.

We think that case, and similar cases involving the right of a minor to disaffirm a deed, do not apply to the case at bar. In such cases when the minor disaffirms the deed he can then recover the real estate upon the basis of his legal title.

From a consideration of the statutes and authorities we are of opinion that the defense of the statute of limitations was sustained and that the plaintiff's cause of action is barred by the statute of limitations.

*Decree    accordingly.*

ALLREAD and FERNEDING, JJ., concur.